Dear Mr. Holcomb:
You have asked this office to define the confirmation procedure for and the qualifications of the warden of the Bogalusa City Jail.
The City of Bogalusa operates under the provisions of a home rule charter. Section 4-05 of the charter pertains to the authority of the chief of police, who is appointed by the mayor, and provides:
 Section 4-05. Police Department
 A. The head of the Police Department shall be the police chief who shall be appointed by the mayor, subject to confirmation by the council in accordance with applicable state law.
 B. The police chief shall direct and be responsible for the preservation of public peace and order; prevention of crime; apprehension of criminals; assistance to the courts and other law enforcement officials; and the enforcement of the laws of the state and the ordinances of the council.
The charter does not empower nor require the chief of police to manage the municipal jail facility.
Addressing this question in Attorney General Opinion 97-410, this office determined that "a municipality is vested with the responsibility of the management and control of municipal property which would extend to the city jail, and they must designate who shall provide for the administration." While Opinion 97-410 is applicable only to a Lawrason Act municipality, we nonetheless come to a similar conclusion in the instant matter. Thus, in the absence of a charter provision mandating that he manage the city jail, it is left to the City Council to designate by ordinance who shall be the keeper or warden of the jail facility.
Please note that it is well established that the sheriff is considered the keeper or warden of the parish jail.[1] Attorney General Opinions 99-33 and 94-79 both addressed issues concerning a 1980 proposition which utilized bond proceeds for the purpose of "constructing a parish jail system and facilities, with component parts thereof at Franklinton and at Bogalusa . . ." The author of Opinion 99-33 concluded that the police jury had no legal obligation to maintain the Bogalusa jail, once constructed, since the Franklinton facility satisfied the legal responsibility of the police jury.
Our opinion herein concerning the responsibility of the Bogalusa City Council is predicated upon the assumption that the Bogalusa facility is no longer considered a parish jail, but is in fact now considered municipal property.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: July 19, 2001
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] R.S. 33:1435 provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish . . ."